UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SCHLATHER, STUMBAR, PARKS &
SALK, LLP, et al.,

                              Plaintiffs,

    -v.-                                            5:10-cv-0167
                                                               (NPM/DEP)

ONE BEACON INSURANCE COMPANY,

                              Defendant.
_____

APPEARANCES:

| | |
|---|---|
| WOLFORD LAW FIRM, LLP | MICHAEL R. WOLFORD, ESQ. |
| Attorneys for Plaintiffs | |
| 16 East Main Street | |
| 600 Reynolds Arcade Building | |
| Rochester, New York 14614 | |
| | |
| STEINBERG & CAVALIERE, LLP | KEVIN F. CAVALIERE, ESQ. |
| Attorneys for Defendant | ROBERT P. PAGANO, ESQ. |
| 50 Main Street | |
| Suite 901 | |
| White Plains, New York 10606 | |

Neal P. McCurn, Senior District Judge

### *Memorandum, Decision and Order*

### *I. Introduction*

      This insurance action was removed to this court, which has jurisdiction pursuant to 28 U.S.C. § 1332. By their complaint, plaintiffs, Schlather, Stumbar, Parks & Salk, LLP, et al. ("Plaintiffs") purport to set forth three causes of action

against defendant, One Beacon Insurance Company ("Defendant") for declaratory relief, breach of contract, and "breach of covenant of good faith and fair dealing." Compl. ¶¶ 42-59.  Plaintiffs seek, among other things, a declaratory judgment, money damages in the amount of $5,000.000 and punitive damages.

After removal of this action, Defendant filed a motion to dismiss Plaintiffs' third cause of action for breach of the covenant of good faith and fair dealing pursuant to Rules 8(a)(2), 9(b) and 12 (b)(6) of the Federal Rules of Civil Procedure.  By its motion, Defendant also seeks an order striking Plaintiffs' demand for punitive damages.

Plaintiffs thereafter amended their complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.  The Amended Complaint contains no demand for punitive damages, but includes expanded allegations in support of the third cause of action for breach of the covenant of good faith and fair dealing.  Am. Compl. ¶¶ 54-60.  Accordingly, Defendant's motion is moot insofar as it seeks an order striking Plaintiffs' demand for punitive damages.

Plaintiffs oppose Defendant's motion to dismiss the claim for breach of the covenant of good faith and fair dealing and Defendant replies.  Decision regarding the pending motion is rendered on the papers submitted, without oral argument.

## II.  *Factual Background*

In August of 2008, a broker contacted plaintiff David M. Parks ("Parks"), managing partner of plaintiff law firm ("the Firm"), concerning the renewal of the Firm's professional liability insurance policy.  The broker sent Parks an application for professional liability coverage by Defendant, but did not send a copy of the policy.  Parks completed the application form and submitted it to Defendant in September of 2008.  Defendant accepted the application and committed in writing to providing Plaintiffs professional liability coverage

effective October 1, 2008, but did not set forth any policy exclusions. Shortly thereafter, Defendant issued a lawyer's liability policy to Plaintiffs ("the Policy"), attached to the Amended Complaint as exhibit A. The Policy provides coverage for claims made against the insureds during the period October 1, 2008 through October 1, 2009, in the amount of $1,000,000 per claim, including defense costs. The Policy was renewed in October of 2009 for the period October 1, 2009 through October 1, 2010.

In December of 2008, a former client notified Plaintiffs of her claim against them for legal malpractice. The action against Plaintiffs was commenced in January of 2009. Plaintiffs promptly notified Defendant of the lawsuit, with a demand for defense and indemnification. Defendant appeared and provided a defense to Plaintiffs.

In February of 2009, Defendant issued a reservation of rights letter, attached to the Amended Complaint as exhibit B. Defendant continued to provide a defense to Plaintiffs until September 9, 2009, when it withdrew its provision of a defense in writing, which is attached to the Amended Complaint as exhibit C.

In Count I of the Amended Complaint, Plaintiffs allege that Defendant failed to perform under the insurance contract and seek a declaratory judgment that Defendant is obligated to provide Plaintiffs a defense and indemnification. In Count II of the Amended Complaint, Plaintiffs allege that Defendant breached the insurance contract, thereby damaging Plaintiffs by, among other things, loss of insurance coverage; incursion of defense costs; loss of peace of mind and related security, financial and otherwise; and other consequential damages in the amount of $5,000,000.

Count III of the Amended Complaint, labeled "breach of covenant of good faith and fair dealing" includes the allegation that Defendant has "intentionally,

knowingly and unreasonably denied claims for professional liability coverage." Am. Compl. ¶ 55.  In addition, Plaintiffs allege that Defendant engaged in "systematic and exclusionary conduct" including

> soliciting insurance and using an application form therefor that is deceptive and misleading when compared to the terms of the policy; selling a professional liability insurance policy that provides a claimed coverage that is illusory; incorporating exclusions into the policy that are impossible to anticipate or overcome in the application process; declining to provide a copy of the policy language before the application therefor; abandoning the defense of its insureds in the middle of litigation; failing to negotiate the underlying claim in good faith; and otherwise acting in bad faith.

Am. Compl. ¶ 56.

As an "example" Plaintiffs allege that the application for coverage asks "are you or any member or employee aware of any fact, circumstance or situation which may give rise to a claim?"  However, Plaintiffs allege, the actual Policy language is more broad and excludes any claim arising from a wrongful act if the insured "had a reasonable basis to believe that [the insured] had committed a wrongful act or engaged in professional misconduct."  Am. Compl. ¶ 57(a), citing Ex. A, at 11.  Plaintiffs allege that while the application refers only to potential claims, the actual Policy exclusions include "a whole spectrum of even allegedly wrongful acts or professional misconduct, regardless of any reasonable basis to believe that a claim might be brought thereon."  Id.

Plaintiffs further allege that neither the application nor the application acceptance letter set out any of the exclusions Defendant now invokes, nor were either the application or acceptance letter accompanied by the Policy itself. Plaintiffs allege that the Policy was marketed to them as a "claims made" policy,

when in fact, under the Policy exclusions, any "broadly defined wrongful act that had occurred, or even allegedly occurred, prior to the inception of the policy cannot be covered."  Id., ¶ 59(b).  Thus, Plaintiffs allege, Defendant represented to Plaintiffs that it would provide them with professional liability coverage, and that representation was illusory.

Accordingly, Plaintiffs argue, Defendant has engaged in bad faith, causing damages to Plaintiffs including, among other things, loss of benefit of the bargain; loss of insurance benefits, including peace of mind and the comfort and knowledge of protection against claims and loss; cost of legal defense and other expenses related to the lawsuit; and other consequential damages in the amount of $5,000,000.

### III.  *Legal Standard*

When deciding a motion to dismiss pursuant to Rule 12(b)(6) of the federal Rules of Civil Procedure, the court must accept the factual allegations in the complaint as true, drawing all inferences in favor of the plaintiff.  See Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir.2003) (quoting Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir.2001)).  The court is generally "required to look only to the allegations on the face of the complaint."  Roth v. Jennings, 489 F.3d 499, 509 (2d Cir.2007).  However, in addition to the complaint's factual allegations, the pleading includes any written instrument or exhibit attached to a complaint and incorporated by reference.  See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir.2002) (citing Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co., 62 F.3d 69, 72 (2d Cir.1995)).

Plaintiffs must allege enough facts "to raise a right of relief above the speculative level."  See Bell Atl. Corp. V. Twombly, 550 U.S. 544, 555-56, 127

S.Ct. 1955, 1965 (2007).  The complaint must contain sufficient factual allegations, accepted as true, to state a facially plausible claim.  See Ashcroft v. Iqbal, — U.S. —, —, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. at 1974).  However, assessing whether a complaint states a facially plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 129 S.Ct. at 1950.

## IV.  Discussion

Defendant argues that Plaintiffs' third cause of action fails to state a claim because the allegations in support thereof are duplicative of the allegations supporting their claim for breach of contract.  Moreover, Defendant argues, to the extent Plaintiffs attempt to elevate their third cause of action to a claim for bad faith based on fraud, the claim must be dismissed because Plaintiffs' allegations in support thereof fail to comply with the particularity requirement of Rule 9(b).  Defendant further argues that even if the allegations complied with Rule 9(b), the claim must be dismissed because the allegations are not plausible as is required by Rule 8(a)(2).

Plaintiffs oppose, arguing that their "third cause of action is not a tort claim but a claim for consequential damages, as distinct from contract damages, that has been recognized by the New York Court of Appeals as a cognizable claim in an action for breach of insurance contract."  Pls.' Mem. of Law at 3, citing Bi-Economy Mkt., Inc. v. Harleysville Ins. Co. of New York, 886 N.E.2d 127, 10 N.Y.3d 187, 856 N.Y.S.2d 505 (2008).  Plaintiffs go on to argue that they have made "no allegations of fraud" in their third cause of action, "only the breach of the covenant of good faith and fair dealing inherent in the insurance contract."

Pls.' Mem. of Law at 8.  Plaintiffs argue, however, that to the extent the court deems the claim to be "in the nature of fraud" and therefore subject to the particularity requirement of Rule 9(b), the allegations in support of their third cause of action comply with said Rule.

In its reply papers, Defendant argues that the issue addressed by the New York Court of Appeals in Bi-Economy is not relevant to the issue before this court, that is, whether Plaintiffs adequately state a claim for bad faith.  Defendant further argues that the amendments to Plaintiffs' third cause of action do not remedy its deficiencies as Plaintiffs still fail to adequately allege a claim for bad faith and do not identify the separate tort duty that they claim Defendant breached.  To the extent Plaintiffs intend to claim fraud, Defendant argues, the amended allegations still fail to comply with Rule 9(b).

Here, it is clear, both from the allegations of the Amended Complaint, and Plaintiffs' assertions in its papers in opposition to the pending motion, that Plaintiffs' third cause of action is not a claim for fraud, but instead is a claim for breach of the covenant of good faith and fair dealing inherent in every contract.  Accordingly, the court need not address the parties' arguments regarding the sufficiency of those allegations pursuant to Rule 9(b).

To be sure, "[t]here is an implied covenant of good faith and fair dealing in every contract." Dist. Lodge 26, Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO v. United Techs. Corp., 610 F.3d 44, 54 (2d Cir. 2010) (citing 511 W. 232nd Owners Corp. v. Jennifer Realty Co., 773 N.E.2d 496, 500, 98 N.Y.2d 144, 153, 746 N.Y.S.2d 131, 135 (2002)).  However, "[a] cause of action to recover damages for breach of the implied covenant of good faith and fair dealing cannot be maintained where the alleged breach is intrinsically tied to the damages

allegedly resulting from a breach of contract." Id., at 54-55 (quoting Deer Park Enters., LLC v. Ail Sys., Inc., 870 N.Y.S.2d 89, 90, 57 A.D.3d 711, 712 (N.Y. App. Div. 2008)).  Plaintiffs argue, however, that their third cause of action must stand under Bi-Economy Mkt., Inc. v. Harleysville Ins. Co. of New York, 886 N.E.2d 127, 10 N.Y.3d 187, 856 N.Y.S.2d 505 (2008), because they seek consequential damages.  In this respect, Plaintiffs' third cause of action is duplicative of their second cause of action for breach of contract, wherein they also seek consequential damages.  Accordingly, Defendant's motion to dismiss Plaintiffs' third cause of action for breach of the covenant of good faith and fair dealing is granted.

## *V.  Conclusion*

In accordance with the foregoing, it is

ORDERED that Defendant's motion to dismiss Plaintiffs' third cause of action, see Dkt. No. 4, is GRANTED; and it is further

ORDERED that Defendant's motion to strike Plaintiff's demand for punitive damages is DENIED as moot.


IT IS SO ORDERED.

DATED:     January 21, 2011
           Syracuse, New York


_____
Neal P. McCurn
Senior U.S. District Judge